UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSE PARKS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:12CV01294 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Jose Parks' ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1]. The Government has filed its Response to the Motion [ECF No. 12].

**I. BACKGROUND AND PROCEDURAL HISTORY**

On August 11, 2006, Movant pleaded guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) [Case 4:06CR00326 ERW; ECF No. 17]. The Armed Career Criminal Act ("ACCA")[1] imposes a mandatory fifteen-year prison term on an individual convicted of possession with intent to distribute heroin if that individual has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

The career offender provision of the Sentencing Guidelines increases an adult defendant's offense level and criminal history if he has two prior felony convictions for crimes of violence or controlled substance offense. *See* U.S.S.G. § 4B1.1. A crime of violence is defined by the ACCA, and U.S.S.G. § 4B1.2(a), as an offense punishable by more than one year in prison that –

---

[1] 18 U.S.C. § 924(e).

>   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>   (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Clause (ii) is referred to by courts as ACCA's "residual clause." This Court, counting as a predicate offense Movant's prior Missouri conviction for Escape from Confinement, applied the ACCA's fifteen-year mandatory prison term, and sentenced Movant as a career offender to 151 months in prison, which was the bottom of the career offender advisory guidelines range.

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals, arguing that his prior Missouri conviction for escape from confinement was not a crime of violence. Specifically, Movant argued the Court erred in: 1) applying the preponderance of the evidence standard, rather than the beyond a reasonable doubt standard, to determine whether Movant's prior convictions qualify as crimes of violence or controlled substance offenses, and 2) concluding Movant's escape conviction qualifies as a crime of violence. The Eighth Circuit affirmed Movant's conviction, applying its prior rulings that all escape offenses are "categorically" crimes of violence [Case 4:06CR00326 ERW; ECF Nos. 37, 38].

Subsequently, the Supreme Court decided *Chambers v. United States*, 555 U.S. 122 (2009), holding that failure to report or return to confinement is not a violent felony. Movant thereafter filed a successful petition for certiorari, and the Supreme Court remanded Movant's case to the Eighth Circuit Circuit for reconsideration in light of *Chambers. Parks v. United States*, 555 U.S. 1132 (2009). The Eighth Circuit then remanded to this Court for further sentencing proceedings, noting that whether a walkaway escape is a violent felony under *Chambers* and another Supreme Court decision, *Begay v. United States*, 553 U.S. 137 (2008),

was an "open question," and instructing the Court to analyze Movant's prior escape conviction under Missouri Revised Statutes § 575.210, in light of the two decisions. This Court subsequently determined that *Chambers* did not alter its conclusion that Movant's prior escape offense was a crime of violence, and resentenced him to a term of 151 months' imprisonment on July 23, 2009 [Case 4:06CR00326 ERW; ECF 64].

Movant appealed, and the Eighth Circuit affirmed the Court's determination, agreeing that Movant's offense was not "a mere walkaway." *United States v. Parks*, 620 F.3d 911 (8th Cir. 2010). Movant filed another petition for certiorari, which the Supreme Court denied on October 3, 2011. *Parks v. United States*, 132 S.Ct. 125 (2011). Movant filed his present motion under 28 U.S.C. § 2255 on July 18, 2012.

In his Motion, Movant asks the Court to vacate, set aside, or reduce his sentence, asserting as grounds for relief that: (1) Movant's conviction of escape from a halfway house is "not a crime of violence under the ACCA's 'residual clause,' in light of the Supreme Court's June 9, 2011, holding in *Sykes v. United States*, 131 S.Ct. 2267 (2011)," because the crime is a "strict liability offense" and *Sykes*' analysis requires "purposeful conduct" for application of the "Career Offender" enhancement; (2) Movant's appellate counsel provided ineffective assistance by failing to argue that Movant's escape conviction was not a crime of violence under the residual clause of the enhancement statute, and that the courts' determination the statute was "divisive," required factual text analysis; and 3) the district and appellate courts erred by applying the "modified categorical approach" in Movant's case, thus violating Movant's Fifth Amendment right to due process [ECF No. 1 at 4-9].

In its Response to Show Cause Order, the Government contends Movant's first argument fails because Movant's escape conviction is not a "strict liability" crime [ECF No. 12]. The

3

Government claims that Escape from Confinement involves "purposeful" conduct, and asserts that Missouri case law clearly holds purposeful conduct is required for conviction under the statute. The Government argues that the *Sykes* analysis thus applies to Movant's offense, and that his conviction qualifies under the ACCA's residual clause because it involved conduct presenting a serious potential risk of physical injury to another, a risk similar to that involved in the statute's listed crimes. The Government contends Movant's second ground, asserting ineffective assistance of counsel, fails, because any argument that Movant's escape conviction was a strict liability crime would have been unsuccessful, and counsel cannot be ineffective for failing to raise a meritless argument on appeal. As to Movant's third asserted ground for relief, the Government claims Movant is procedurally barred from bringing this claim in the instant proceedings, because the issue was decided on direct appeal. The Government further contends that, even if the claim was not procedurally barred, Movant's argument lacks merit, because the Missouri statute under which Movant was convicted for escape is clearly over-inclusive, thus requiring analysis under the "modified categorical" approach employed by the Court.

**II. LEGAL STANDARD FOR MOTIONS UNDER 28 U.S.C. § 2255**

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice."

*United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the movant establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)).

However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception is in place to prevent movants from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id*. Additionally, a movant's attorney may serve as counsel for both the trial and appellate case, and it is unlikely that the attorney would raise a claim of his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003).

To excuse procedural default, however, a movant raising a constitutional claim for the first time in a § 2255 proceeding still must demonstrate cause and prejudice. *Anderson*, 25 F. 3d at 706. Ordinarily, issues that were raised and decided on direct appeal cannot be relitigated in a § 2255 motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence, and are available only in the extraordinary case. *Id*.

## III. RIGHT TO EVIDENTIARY HEARING

If the movant's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). A movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. As movant's claims can be conclusively determined based upon the record, no evidentiary hearing will be held.

## IV. DISCUSSION

### A. Procedurally-Barred or -Defaulted Claim - Ground Three

With narrow exception, issues raised and decided on direct appeal cannot be relitigated in a collateral attack brought under 28 U.S.C. § 2255. *Wiley*, 245 F.3d at 752. Movant's third ground of relief is essentially the same claim of error addressed by the Eighth Circuit in his direct appeal. Consequently, Movant is barred from raising that same argument in a § 2255 motion. Exception to this well-established rule has been recognized by the Eighth Circuit only when movants produced convincing new evidence of actual innocence. *Wiley*, 245 F.3d at 752. Movant has failed to produce any evidence of actual innocence. Moreover, even if he had, Movant could not prevail because the Eighth Circuit has held that the actual innocence exception does not apply to noncapital sentences. *Id*.

On direct appeal, Movant contended that his prior Missouri conviction for escape from confinement was not a crime of violence. *See United States v. Parks*, 620F.3d at 912. Movant's

present argument, in which he asserts that this Court and the Eighth Circuit erroneously applied the "modified categorical approach" in determining that Movant's escape conviction constituted a "crime of violence" under the ACCA, is merely an attempt to put a new spin on his challenge of the Court's enhancement that was previously determined on direct appeal, and is thus procedurally barred. *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Anderson*, 25 F.3d at 706. In its decision, the Eighth Circuit identified the issue before it as "whether [Movant's] class D felony conviction for escape from confinement was a crime of violence under the residual clause of U.S.S.G. § 4B.1.2(a)(2) because it 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *Parks*, 620 F.3d at 913. Finding Missouri's general escape statute to be overinclusive, the Eighth Circuit applied the modified categorical approach to Missouri's general escape statute. Considering Missouri Revised Statute § 575.210, and judicial records establishing that as grounds for his plea, Movant admitted that he ran past a guard and out a facility door that was open only to receive returning inmates, the Eighth Circuit determined this Court correctly concluded that Movant committed the generic crime of escape from a secured facility, which is a crime of violence. *Parks*, 620 F.3d at 916.

Movant additionally couches this claim of sentencing error as an ineffective-assistance-of-counsel claim, asserting that his attorney should have argued on appeal that the Court erroneously applied the modified categorical approach to reach its conclusion concerning Missouri's escape statute. Even if this collateral attack were not procedurally defaulted, it nevertheless would fail, because any such argument by counsel would have been unsuccessful. *See Bear Stops*, 339 F.3d at 780-81 (to prevail on ineffective assistance claim, movant must show counsel's performance was deficient, and that deficient performance prejudiced defense, i.e.,

7

result of proceedings would have been different absent counsel's error). The Eighth Circuit's analysis clearly held that, "[b]ased on [the evidence establishing Movant's offense], which the district court properly considered in applying the modified categorical approach, . . . the court correctly concluded that [Movant's] offense was a crime of violence ." *Parks*, 620 F.3d at 916 (internal citation omitted). The Court finds that the motion and files and records of the case conclusively show that Movant is entitled to no relief on his claim that his conviction was not for a crime of violence. The Court will deny Movant's third asserted ground for relief.

### B. Claims of Ineffective Assistance of Counsel - Ground Two

In order to succeed on an ineffective assistance of counsel claim, a movant must satisfy the two prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires proof that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694; *see also, e.g.*, *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006).

To satisfy the first prong, the movant must show that counsel's performance was deficient, measured by an objective standard of reasonableness "in light of professional norms prevailing when the representation took place." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (internal citations omitted). Under this prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less

than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91.

In order to satisfy the second prong of the *Strickland* test, a movant must also prove that counsel's deficient performance prejudiced the case. Id. at 697. The necessary showing of a "reasonable probability" of a different outcome must be greater than just a possibility; it "is a probability sufficient to undermine confidence in the outcome." *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008) (internal quotations and citations omitted); *see also Odem v. Hopkins* 382 F.3d 846, 851 (8th Cir. 2004) ("It is not sufficient for a defendant to show that the error has some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding."). The Court may address the two *Strickland* prongs in any order, and if the movant has failed to make a sufficient showing for one prong, the Court need not address the other. *See Strickland*, 466 U.S. at 697.

As his second ground, Movant asserts his counsel was ineffective because she failed to argue on appeal that his escape was not a crime of violence under the ACCA's residual clause. This allegation is firmly refuted by the record. As discussed above, this is precisely the issue presented to, and decided by, the Eighth Circuit in Movant's direct appeal. Movant further contends that he was prejudiced by his counsel's alleged failure to assert that the Missouri escape statute was not "textually divisive," and thus did not warrant the analysis required to find that Movant's escape conviction "specifically was a crime of violence." This allegation is also firmly refuted by the record. The Eighth Circuit clearly addressed this very argument in its decision. "Thus, like all other circuits to address the question, we adhere to our decision in Pearson that [the federal escape statute,] § 751(a) – and similar broadly worded state escape statutes – must be analyzed for overinclusiveness, as our prior remand instructed the district court to do in this

9

case." *Parks*, 620 F.3d at 914. The Court finds that the record clearly refutes Movant's claim of ineffective assistance of counsel, and will deny his second ground.

### C. Application of the *Begay* Test Versus the *Sykes* Test - Ground One

Movant was convicted in 1989 of violating Missouri Revised Statute § 575.210. *See Parks*, 620 F.3d at 913. At the time of Movant's conviction, Section 575.210 provided:

> 1. A person commits the crime of escape or attempted escape from confinement if, while being held in confinement after arrest for any crime, he escapes or attempts to escape from confinement.
>
> 2. Escape or attempted escape from confinement is a class D felony except that it is:
>
>> (1) A class A felony if it is effected or attempted by means of a deadly weapon or dangerous instrument or by holding any person as hostage;
>>
>> (2) A class C felony if the escape or attempted escape is facilitated by striking or beating any person.

Mo.Rev.Stat. § 575.210 (1989).

In his first ground, Movant argues that, in light of the Supreme Court's ruling in *Sykes*, 131 S.Ct. at 2276-77, his escape conviction is "not a crime of violence under the 'residual clause.'" Movant contends that the Missouri escape statute makes his crime a "strict liability" offense, which requires application of the "purposeful, violent, and aggressive" analysis set forth in *Begay*, 553 U.S. at 145-48, to determine whether Movant's prior offense is a crime of violence.

In *Begay*, the Supreme Court considered whether driving under the influence ("DUI") was an ACCA predicate offense. *Id*. The Supreme Court concluded that it was not, giving two reasons for its holding: 1) DUI is not purposeful, violent, and aggressive; and 2) the conduct for which the drunk driver is convicted need not be purposeful or deliberate. *Id.*

The Supreme Court decided *Sykes* on June 9, 2011. *Id.* In its decision, the Supreme Court rejected Sykes' argument that his conviction, resisting law enforcement (vehicle flight), did not fall within the reach of ACCA's residual clause because typical vehicle flights do not involve the kinds of dangers the clause demands. *Sykes* 131 S.Ct. at 2275-76. Sykes contended that the *Begay* and *Chambers* decisions required "ACCA predicates to be purposeful, violent, and aggressive in ways that vehicle flight is not. *Id.* The Supreme Court found that Sykes overread the two opinions, and stated:

> *Begay* involved a crime akin to strict liability, negligence and recklessness crimes; and the purposeful, violent, and aggressive formulation was used in that case to explain the result. The felony at issue here is not a strict liability, negligence, or recklessness crime and because it is, for the reasons stated and as a categorical matter, similar in risk to the listed crimes, it is a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii).

*Id.* at 2276.

As an initial matter, the Court finds it significant that the Supreme Court denied Movant's second petition for certiorari on October 6, 2011, almost four months after it issued the *Sykes* decision. Presumably, the Supreme Court would have granted Movant's petition had it found the Eighth Circuit's determination to be in conflict with *Sykes*. Regardless, the Court finds that Movant's prior offense is not similar to the crime involved in *Begay*; rather, as explained in the Eighth Circuit's well-reasoned analysis in Movant's direct appeal, Movant's prior offense, escape from a secure and guarded facility, is a crime similar in risk to the crimes listed in the ACCA statute, and is one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.SC. § 924(e)(2)(B)(ii). The Court finds that this claim of error is also firmly refuted by the record. The Court will deny Movant's first ground.

## V. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## VI. CONCLUSION

Movant's asserted grounds of relief are clearly refuted by the record in this case, and therefore an evidentiary hearing is not required for any of his claims of error. Further, Movant has failed to demonstrate that his sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by the law. Thus, Movant's § 2255 claims fail, and he is not entitled to the relief he seeks.
Accordingly,

**IT IS HEREBY ORDERED** that Movant Jose Parks's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**. All Counts of Movant's Motion are **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

Dated this  31st  day of July, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE