# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSE PARKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12CV01294 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Jose Parks's Motion for Relief from Judgment [ECF No. 15].

### I.  BACKGROUND

On August 11, 2006, Petitioner Jose Parks pled guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). At the sentencing hearing, the Court found Petitioner was a career offender under United States Sentencing Guidelines § 4B1.1, which increases a defendant's offense level if he has two prior felony convictions for crimes of violence or controlled substance offenses. The Court applied this enhancement, in part, on the basis of a 1989 state conviction of escape from confinement. As a result, Petitioner's total offense level was 29 and his criminal history category was VI. The Court sentenced Petitioner to a term of 151 months' imprisonment, which was the bottom of the advisory range. Petitioner appealed his sentence to the Eighth Circuit, arguing his conviction for escape was not a crime of violence within the meaning of the Sentencing Guidelines. The Eighth Circuit affirmed.

Petitioner subsequently filed a writ of certiorari with the Supreme Court, which granted his writ, vacated the judgment, and remanded to the Eighth Circuit for further consideration in

light of *Chambers v. United States*, 129 S. Ct. 687 (2009). In *Chambers*, the Supreme Court held an "escape" conviction for failure to report to official detention is not a violent felony for purposes of the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum of 15 years' imprisonment on certain defendants with three prior convictions of violent felonies. The Eighth Circuit, in turn, remanded to this Court for resentencing, with instructions to analyze Petitioner's escape conviction under *Chambers*. On remand, this Court applied the modified categorical approach, and rejected Petitioner's argument his escape was a mere "walkaway"; the Court found Petitioner's escape conviction constituted a crime of violence. Therefore, in July 2009, Petitioner was again committed to the custody of the Bureau of Prisons for a term of 151 months.

Petitioner appealed, arguing, *inter alia*, the Court erred in determining his escape conviction was a crime of violence. On appeal, the Eighth Circuit also applied the modified categorical approach, and found Petitioner's escape conviction was not a mere "walkaway." The court affirmed, and the Supreme Court denied certiorari.

Proceeding pro se, Petitioner filed a Motion under 28 U.S.C. § 2255 on July 18, 2012. In his Motion, Petitioner again argued his conviction of escape was not a crime of violence, and the Court erred in applying the modified categorical approach. On June 20, 2013, and while Petitioner's § 2255 Motion was pending, the Supreme Court decided *Descamps v. United States*, 133 S. Ct. 2276 (2013). *Descamps* held, where the statute of conviction is "indivisible," the modified categorical approach is inappropriate to determine whether an offense is a "violent" felony for purposes of the ACCA. In the course of Petitioner's habeas proceedings, the Court failed to discuss *Descamps*, and denied the § 2255 Motion on July 31, 2013. Subsequently, the Eighth Circuit decided *United States v. Tucker*, 740 F.3d 1177 (8th Cir. 2014), which applied

*Descamps* to Nebraska's indivisible escape statute, and found such a conviction was not a violent felony for purposes of the ACCA.

Petitioner now moves for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). On August 11, 2014, the Court held a hearing, and the parties addressed this pending Motion.

## II. DISCUSSION

Petitioner argues *Descamps* and *Tucker*, which addressed the ACCA, dictate his escape conviction was not a crime of violence for purposes of § 4B1.1 of the Sentencing Guidelines. He further argues there were two defects in the integrity of his habeas proceedings.

### A. *Duty to Warn of Successive Habeas Restrictions*

First, Petitioner contends the previous habeas proceedings were defective, because the Court did not sua sponte "warn the litigant of the restrictions on second or successive motions" for habeas relief. The Court cannot agree. Although he does not expressly say so, Petitioner appears to assert the Court has a duty to warn him he is waiving important rights by filing a § 2255 motion pro se. Petitioner does not cite any compelling authority for this proposition. While he cites *Morales v. United States*, 304 F.3d 764 (8th Cir. 2002), for the assertion the Court failed to "warn the litigant of the restrictions on second or successive [habeas] motions," this is not persuasive. In *Morales*, the petitioner filed a "Petition for Right of Review Pursuant to Title 5, United States Code, Section 702." The district court, acting sua sponte, "reclassified" the motion as a 28 U.S.C. § 2255 petition. Under these circumstances, the Eighth Circuit held,

> When a district court intends to reclassify a pro se litigant's pleading as a § 2255 motion, it must do two things. First, the court must warn the litigant of the restrictions on second or successive motions, and of the one-year limitations period, set forth in 28 U.S.C. § 2255. Second, the court must provide him an opportunity either to consent to the reclassification or to withdraw his motion.

304 F.3d at 767. In this case, there was no reclassification; Petitioner simply filed a habeas petition. Petitioner has failed to cite any authority suggesting the Court had a duty to advise him of his rights. Thus, Petitioner's first argument for relief fails.

   B.   *Failure to Consider the Impact of* **Descamps** *on Petitioner's Case*

Second, Petitioner contends the Court erroneously failed to consider, or to ask the parties to consider, the impact of *Descamps* on Petitioner's case. Upon a finding of manifest error of law in ruling by the Court, and substantial prejudice to Petitioner, under Federal Rule of Civil Procedure 60(b)(6), Petitioner should have relief from judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jose Parks's Motion for Relief from Judgment [ECF No. 15] is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall transport Petitioner Jose Parks, Inmate #23680-044, from the Federal Correctional Institute, State Route 716, Ashland, Kentucky, to the United States District Court, St. Louis, Missouri, for Re-Sentencing pursuant to this Order. Re-Sentencing Hearing will be held on **September 18, 2014**, at **11:00 a.m.**

**IT IS FURTHER ORDERED** that a certified copy of this Order be provided to the United States Marshals Service on this date.

Dated this 12th Day of August, 2014.

*E. Richard Webber*
————————————————
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE